I write merely to amplify my reason for joining in this court's disposition of Whitmore's Third Assignment of Error. I understood his argument to be that had he known, before trial, of O'Neal's failure to have identified him from one photospread, and her misidentification of another individual in another photospread, he could more effectively have cross-examined her at trial to establish reasonable doubt in the minds of the jurors. I find this to be a plausible argument.
The decision whether to grant a motion for a mistrial is confided to the sound discretion of the trial court. The motion was made at the close of the State's evidence. When all the participants in the trial have expended that much time and effort, a declaration of mistrial should not lightly be made. There was an alternative. The witness O'Neal could have been recalled for further cross-examination if Whitmore thought that questioning her about the photo identification attempts would have added significantly to the evidence thereof already brought out in the testimony of the police officer. There is nothing in the record to suggest that Whitmore sought, or wanted, that opportunity. Therefore, in my view, the trial court did not abuse its discretion when it denied Whitmore's motion for a mistrial.
Accordingly, I join in overruling Whitmore's Third Assignment of Error. In all other respects, I concur fully in the opinion and judgment of this court.